UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cr-20674-DPG

UNITED STATES OF AMERICA

v.

JOSE ARMANDO RIVERA GARCIA,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant Jose Armando Rivera Garcia's Motion to Dismiss the Indictment (ECF No. 1008). The Government filed a Motion to Strike or Summarily Deny Defendant's Motion to Dismiss the Indictment (ECF No. 1009), to which Defendant filed a Reply (ECF No. 1013). Defendant's Motion was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge. (ECF No. 1014). The undersigned conducted a hearing on the Motion on November 1, 2024. Having considered the Motion, record as a whole, oral argument presented during the hearing, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED.**

**I.**    **BACKGROUND**

On May 8, 2024, a grand jury sitting in the Southern District of Florida returned its sixth superseding indictment, charging Defendant with conspiracy to deliver misbranded and adulterated drugs, in violation of 18 U.S.C. § 371 (Count 1); conspiracy to traffic in medical products with false documentation, in violation of 18 U.S.C. § 670 (Count 2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3). Each Count alleges conduct that occurred between January 2013 and May 28, 2019. (ECF No. 927). Count I charges

1

the following Overt Acts specific to Defendant: that Defendant met with codefendant Boris Arencibia and two others at an unknown date in 2018, (*id.* at 6 ¶ 19); and Defendant paid for an airline ticket for defendant Gustavo Linares Guzman to fly from Connecticut to Puerto Rico in connection with the conspiracy on November 14, 2018, (*id*. at 6 ¶ 24).

The Sixth Superseding Indictment was unsealed as to Defendant on June 11, 2024, (ECF No. 941), and Defendant was arraigned on June 26, 2024, (ECF No. 952). Defendant now moves to dismiss the Indictment on two grounds. (ECF No. 1008). First, Defendant argues that the Indictment should be dismissed for pre-indictment delay because the Government failed to indict him in a timely manner. Second, Defendant argues that the indictment should be dismissed for post-indictment delay because the Government failed to prosecute his case in a timely manner.

**II.    DISCUSSION**

   **A.    Failure to Indict in a Timely Manner**

"The limit on pre-indictment delay is usually set by the statute of limitations." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). However, the Due Process Clause of the Fifth Amendment may bar an indictment even when, as here, the indictment is brought within the applicable limitations period. *Id.* In order to establish a Due Process Clause violation based on pre-indictment delay, a defendant bears the burden of showing that "(1) the delay actually prejudiced his defense; and (2) that the United States deliberately delayed indictment to gain a tactical advantage over him." *United States v. Stoudemire*, 20-CR-220, 2021 WL 2327059, at *2 (N.D. Ga. Apr. 5, 2021) (citing *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016)). This standard "is an exceedingly high one." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986). Further, the defendant must "show that the loss impaired his ability to prove a meaningful defense."

2

*Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985) (quoting *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982)).

At the outset, the Court notes that the charges against Defendant have a statute of limitations of five years, *see* 18 U.S.C. 3282(a), which begin to run on the date of the last overt act, s*ee Butler*, 792 F.2d at 1533 ("We . . . hold that on conspiracy charges which require listing of overt acts, the statute of limitations is satisfied if the last overt act alleged and proved occurs within the limitations period."). The three conspiracy charges span from January 2013, to May 28, 2019; the last overt act alleged for Defendant Rivera Garcia is November 14, 2018. Defendant argues that the Indictment should be dismissed because the Government failed to indict him in a timely manner from the acts he is alleged to have committed in 2018.

The defendant has the burden of showing that the pre-indictment delay caused him actual prejudice. *Foxman,* 87 F.3d at 1222. "For the defendant to carry the heavy burden of proving actual prejudice from pre-indictment delay, concrete proof is required; mere speculation and bare allegations will not suffice." *United States v. McCoy*, 977 F.2d 706, 711 (1st Cir. 1992). "When a defendant asserts prejudice because of the loss of evidence, he must show that the loss impaired his ability to prove a meaningful defense." *Stoner*, 751 F.2d at 1544 (quoting *Solomon*, 686 F.2d at 872).

Defendant claims that he has experienced actual prejudice on two grounds: first, the delay negatively affected the availability of witnesses; second, Defendant's memories of any relevant events have since faded.

Defendant argues that the Government's delay of nearly six years between Defendant's last overt act in 2018 and the indictment prejudiced his ability to mount a robust defense. Specifically, Defendant proffers that he is no longer able to call his brother, David Armando Rivera Garcia, as

3

an exculpatory witness because, Defendant explains, his brother died in 2022. (ECF No. 1008 at 7 n.3). Another potential witness, Wesley Sierra, also died in 2022. (*Id.*). Defendant also argues that the delay presents him with the challenge of recalling long-passed events: the overt acts as to Defendant are limited to a meeting in 2018, and a purchase of plane tickets in November of 2018. However, "[s]peculative allegations, such as general allegation of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required." *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983) (quotation marks omitted).

Defendant was afforded an opportunity to present evidence of prejudice at the hearing, but he did not. Rather, Defendant relies on proffers of what he believes David Armando Rivera Garcia could have testified about. Discovery revealed that David Armando Rivera Garcia spoke to the FBI and his statement inculpated Defendant's co-defendant, Boris Arencibia. Defendant proffers that because his brother inculpated the co-defendant but *not* himself, he would provide exculpatory testimony for him. The proffer is speculative and, more directly, not substantiated. This will not carry his burden.

"[D]efendant's failure to meet the first prong is dispositive of his motion." *United States v. Jones*, No. 18-20053-CR, 2018 WL 4376313, at *2 (S.D. Fla. Aug. 30, 2018), *report and recommendation adopted*, No. 18-CR-20053, 2018 WL 4354891 (S.D. Fla. Sept. 12, 2018). The undersigned additionally finds that Defendant failed to establish intentionality on the part of the Government. A "[d]efendant has the burden to establish both prongs of the test for a dismissal of the indictment for pre-indictment delay." *United States v. Ramirez*, No. 09-20295-CR, 2010 WL 3666716, at *3 (S.D. Fla. Sept. 15, 2010), *aff'd*, 491 F. App'x 65 (11th Cir. 2012); *see also United States v. Hawes*, No. 14-CR-397, 2015 WL 4067331, at *2 (N.D. Ala. July 1, 2015) (noting that "[b]oth prongs of this test must be satisfied to make relief available to a defendant; that is, the court

need not decide whether one prong is satisfied where a defendant does not carry his burden to show the other.").

Defendant argues that law enforcement was aware of Defendant's alleged connection to the conspiracy as early as 2019. Defendant submits that it is "implausible that six years were necessary" to bring a case against Defendant. Therefore, Defendant would have this Court "infer that the government delayed prosecuting this case in order to obtain a tactical advantage." (ECF No. 1008 at 11). The Government responds that Defendant is merely speculating about the efficiency with which the case could have been indicted.

"A prosecutor has no obligation to bring charges as soon as she has enough evidence to indict; instead, she may wait until she is satisfied that she has enough evidence to establish guilt beyond a reasonable doubt." *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995). Indeed, the Supreme Court has acknowledged that a prosecutor abides by the standards of fair play and decency "if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U.S. 783, 795 (1977). During the November 2, 2024 hearing, Defendant argued that the Government had everything it needed to indict Defendant as of May of 2019, but elected to wait. Defendant conceded that the Government continued conducting interviews into 2023, but counsel argued that those interviews did not add to the Government's case against Defendant. Notwithstanding, the undersigned finds that the Government's additional investigation was within its prerogative of gathering evidence up to and until it was satisfied with its case. Defendant has not carried his burden to show that any delay in indictment was caused by deliberate design by the Government to gain a tactical advantage.

Accordingly, Defendant has failed to carry his burden, and his motion to dismiss for pre-trial delay should be denied.

**B.      Failure to Prosecute in a Timely Manner**

Defendant argues that the Government improperly delayed Defendant's apprehension after the indictment, thereby violating Defendant's due process rights. Defendant contends that the Government improperly sealed the indictment before apprehending Defendant.

The Sixth Amendment's guaranteed right to a speedy trial imposes upon the government a "constitutional duty to make a diligent, good-faith effort to locate and apprehend a defendant and bring the defendant to trial." *United States v. Bagga*, 782 F.2d 1541, 1543 (11th Cir. 1986) (quoting *Smith v. Hooey*, 393 U.S. 374, 383 (1969)) (internal quotations omitted). In assessing whether a post-indictment, pre-trial delay violated a defendant's right to a speedy trial, courts consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The first factor, the length of the delay, consists of a double inquiry evaluating whether "the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (internal quotations omitted). Delays in excess of one year are generally found to be presumptively prejudicial. *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006). Once defendant makes a showing that the interval indeed crossed this threshold, the court must then consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652. There is a direct relationship between the length of the delay and the presumption of prejudice: the longer the delay, the stronger the presumption. *Id.*

6

The docket reflects that Defendant was named for the first time in the Sixth Superseding Indictment, filed under seal on May 9, 2024. (ECF No. 927). The Sixth Superseding Indictment was unsealed as to Defendant on June 11, 2024. (ECF No. 941). Thus, the Indictment remained sealed for 34 days. At the time the Motion was filed, trial was set for November 18, 2024. The interval between the indictment and trial lands well below the one-year mark found to be presumptively prejudicial. *See Ingram*, 446 F.3d at 1336. Defendant argues that, nevertheless, the Government has offered no justification for sealing the indictment as to Defendant for 34 days. In particular, Defendant takes issue with the Government having sealed the indictment beyond the statute of limitations period. However, the Eleventh Circuit has stated that

> the government may properly request the sealing of an indictment for a period beyond the statute of limitations. An indictment sealed pursuant to Fed. R. Cr. P. 6(e)(4)5 is timely even though the defendant is not arrested and the indictment is not made public until after the end of the statutory limitations period.

*United States v. Edwards*, 777 F.2d 644, 647 (11th Cir. 1985). "Courts have dismissed indictments maintained under seal beyond the limitation period only upon a showing of substantial, irreparable, actual prejudice to the defendants." *Id*. at 649. Defendant has failed to show any such prejudice here.

Defendant also argues that the Court should consider the period before and after the indictment leading up to Defendant's apprehension in the aggregate. Indeed, "[o]nce a Sixth Amendment speedy trial analysis is triggered, however, it is appropriate to consider inordinate pre-indictment delay in determining how heavily post-indictment delay weighs against the Government." *United States v. Orozco Contreras*, 586 F. Supp. 3d 1272, 1278 (S.D. Fla. 2022) (internal quotations omitted). However, Defendant is not entitled to review of the delay in the aggregate because he has failed to trigger the speedy trial analysis in the first place.

7

Similarly, the Court need not address the remaining factors of the *Barker* analysis because Defendant has not satisfied the threshold of showing the length of the delay was prejudicial. "*Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis.*" *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) (emphasis added). Accordingly, Defendant's Motion to Dismiss the Indictment for post-indictment delay should be denied.

## IV.    RECOMMENDATIONS

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss (ECF No. 1008) be **DENIED.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable, Darrin P. Gayles, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Responses thereto shall be filed, if at all, within **FIVE (5) DAYS** of the objections. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 15th day of January, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

8