UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES

UNITED STATES OF AMERICA

v.

JOSE RIVERA GARCIA,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Jose Rivera Garcia (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 3 of the Sixth Superseding Indictment, which count charges him with money laundering conspiracy, in violation of Title 18 United States Code, Section 1956(h).

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The defendant further understands that the court is required to consider the Sentencing Guidelines advisory

range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 or twice the amount of the money laundered.

5. The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving a loss amount of $7.3 million, for the purpose

of sentencing guidelines computations under Guidelines Section 2S1.1. The parties agree to recommend that no adjustment for sophisticated laundering be applied, and also recommend that no role adjustment be applied.

8. The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b). The United States further agrees to recommend that the defendant be sentenced within the guideline range, as that range is determined by the court. However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 963, and any property used or intended to be used, in any manner or part,

to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853, as made applicable by 21 U.S.C. § 970.

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. The parties agree that there is no identifiable victim to whom restitution is applicable.

13. The defendant understands that if he is not a United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United

States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant's immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from the United States.

14. The United States agrees to recommend that the sentence imposed in this case run concurrently with any sentence to be imposed in a case currently under investigation by the Department of Health and Human Services Office of the Inspector General and the Health Care Fraud unit of the Justice Department Criminal Division.  The defendant acknowledges that he is aware of the nature of that case.

15. The United States certifies that there are no other current investigations of this defendant that have been opened with the U.S. Attorney's Office for the Southern District of Florida.

16. The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court.  The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.  The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any

motions or recommendation made on his behalf.

17.   This is the entire agreement and understanding between the United States and the defendant.  There are no other agreements, promises, representations, or understandings.

~~MICHAEL S. DAVIS~~ Hayden O'Byrne
~~ACTING~~ UNITED STATES ATTORNEY

Date: Jan. 29 2025        By: _____
                              FRANK H. TAMEN
                              ASSISTANT UNITED STATES ATTORNEY

Date: 29 Jan 2025         By: _____
                              MICHAEL BAND
                              ATTORNEY FOR DEFENDANT

Date: 29 - Jan - 2025     By: _____
                              JOSE RIVERA GARCIA
                              DEFENDANT