UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

JOSE ARMANDO RIVERA GARCIA,

Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Jose Armando Rivera Garcia (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $7,300,000.00. In support of this motion, the United States provides the following factual and legal bases.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 10.

On June 24, 2025, the Court accepted the Defendant's guilty plea to Count 3 of the Sixth

Superseding Indictment. *See* Minute Entry, ECF No. 1119; Plea Agreement ¶ 1, ECF No. 1121.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1120. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶ 6.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

All property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)). Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable. *See id.* (internal quotations omitted).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t

sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C.  Property Subject to Forfeiture in Instant Criminal Case

According to the Defendant's Factual Proffer, in 2018, a codefendant made arrangements to sell quantities of diverted pharmaceuticals to LLC Wholesale Supply LLC ("LLC"). Factual Proffer ¶ 4, ECF No. 1120. Defendant worked with a codefendant to follow through with sales of

diverted drugs to LLC. *Id.* at ¶ 5. Defendant and codefendant agreed that codefendant would be the ostensible owner of the corporation and signatory on its bank account. *Id.* Defendant prepared and submitted pharmaceutical wholesale licensing application prepared documentation for corporation, LDD Distributors LLC, that the codefendant would operate. *Id.* Defendant prepared the documents for a corporate bank account for the codefendant to open an account at TD Bank. *Id.*

Defendant thereafter engaged in the sales of diverted pharmaceuticals from LDD Distributors to LLC between 2018 and 2019 that totaled approximately $7,300,000.00. *Id.* at ¶ 6. The proceeds of the sales were paid by check or wire-transferred from LLC's account to the LDD Distributors' account and TD Bank. *Id.* From there, money was wire-transferred in a series of transactions through multiple accounts in different corporate names, to provide for the purchases of additional diverted drugs and to provide profits to the coconspirators. *Id.* Defendant assisted in opening some of those companies and bank accounts. *Id.*

Defendant knew that the bank accounts and money transfers were designed to conceal the nature and source of the funds, and their ownership and control. *Id.* at ¶ 7. Some of the money was ultimately withdrawn in cash in banks in Miami and used to pay members of the conspiracy. *Id.* It was also used to purchase additional diverted drugs. *Id.*

Based on the record in this case, the total value of the property involved in Count 3 of the Sixth Superseding Indictment is $7,300,000.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the

Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has attempted to confer with defense counsel via e-mail on August 20, 2025, regarding the Defendant's position on the relief sought, but has not yet received a response.

                                                  Respectfully submitted,

                                                  JASON REDING QUIÑONES
                                                  UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
        Nicole Grosnoff
        Assistant United States Attorney
        Court ID No. A5502029
        nicole.s.grosnoff@usdoj.gov
        U.S. Attorney's Office
        99 Northeast Fourth Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9294
        Facsimile: (305) 536-4089