## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

JOSE ARMANDO RIVERA GARCIA,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture [ECF No. 1137] ("Motion") against Defendant Jose Armando Rivera Garcia (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 10.

On June 24, 2025, the Court accepted the Defendant's guilty plea to Count 3 of the Sixth Superseding Indictment. *See* Minute Entry, ECF No. 1119; Plea Agreement ¶ 1, ECF No. 1121.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No.

1120. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶ 6.

According to the Defendant's Factual Proffer, in 2018, a codefendant made arrangements to sell quantities of diverted pharmaceuticals to LLC Wholesale Supply LLC ("LLC"). Factual Proffer at ¶ 4, ECF No. 1120. Defendant worked with a codefendant to follow through with sales of diverted drugs to LLC. *Id.* at ¶ 5. Defendant and codefendant agreed that codefendant would be the ostensible owner of the corporation and signatory on its bank account. *Id.* Defendant prepared and submitted pharmaceutical wholesale licensing application prepared documentation for corporation, LDD Distributors LLC, that the codefendant would operate. *Id.* Defendant prepared the documents for a corporate bank account for the codefendant to open an account at TD Bank. *Id.*

Defendant thereafter engaged in the sales of diverted pharmaceuticals from LDD Distributors to LLC between 2018 and 2019 that totaled approximately $7,300,000.00. *Id.* at ¶ 6. The proceeds of the sales were paid by check or wire-transferred from LLC's account to the LDD Distributors' account and TD Bank. *Id.* From there, money was wire-transferred in a series of transactions through multiple accounts in different corporate names, to provide for the purchases of additional diverted drugs and to provide profits to the coconspirators. *Id.* Defendant assisted in opening some of those companies and bank accounts. *Id.*

Defendant knew that the bank accounts and money transfers were designed to conceal the nature and source of the funds, and their ownership and control. *Id.* at ¶ 7. Some of the money was ultimately withdrawn in cash in banks in Miami and used to pay members of the conspiracy. *Id.* It was also used to purchase additional diverted drugs. *Id.*

Based on the record in this case, the total value of the property involved in Count 3 of the Sixth Superseding Indictment is $7,300,000.00, which sum may be sought as a forfeiture money

—

judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $7,3000,000.00 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE